UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: )
) Case Number:
WORLDCOM, INC. SECURITIES ) Master File No. 02 Civ. 3288 (DLC)
LITIGATION ) (from an action pending in the
) Southern District of New York)
)
) 03MBD 10234

## EMERGENCY MOTION TO QUASH OR MODIFY SUBPOENA

Non-party witness Wellington Management Company, LLP ("Wellington"), by its attorneys, moves pursuant to Fed. R. Civ. P. 45(c)(3) to quash or modify a subpoena (the "Subpoena") issued to it on behalf of certain defendants (the "Defendants") in an action entitled In re WorldCom Securities Litigation, Civil Action No. 02 Civ. 3288 (DLC), now pending in the United States District Court for the Southern District of New York (the "Action"). The Subpoena, which was served on Wellington at approximately 4:30 p.m. on Friday, August 1, 2003, required on its face that Wellington's designee under Fed. R. Civ. P. 30(b)(6) appear and testify at deposition at 9:30 a.m. Tuesday, August 5, 2003; although the time at which the deposition is to commence has been extended to 1:00 p.m., the need for emergency treatment of this motion remains.

As grounds for its motion Wellington states as follows: .[1]

---

[1] Wellington submits herewith the Affidavit of Cynthia M. Clarke ("Clarke Aff.") in support of this motion.

{B0202632; 1}

## The Action

1. Wellington understands that the Action involves claims for damages under the federal securities laws by shareholders and bondholders of WorldCom, Inc. ("WorldCom") and that it has been brought as a class action under Fed. R. Civ. P. 23.

2. The Subpoena is addressed to matters involving Wellington's role as an investment advisor to Fresno County Employees' Retirement Association ("Fresno"). Wellington understands that Fresno is a named plaintiff in the Action and that Fresno asserts that it is an appropriate class representative.

3. Wellington further understands that the discovery sought by the Subpoena relates to the issue of class certification in the Action, which remains to be determined.

## The Subpoena

4. The Subpoena requires Wellington to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) to testify at deposition concerning "the procedures, practices, decisions, guidelines, policies, and investment strategies employed by [Wellington] ... for the selection, purchase, sale or retention of Worldcom, Inc. securities (including, but not limited to, any equity, debt, investments or contracts) on behalf of the Fresno County Employees' Retirement Association ...." A copy of the Subpoena is annexed as Exhibit A to the Clarke Affidavit.

5. The Subpoena was served on Wellington, a non-party witness, at approximately 4:30 p.m. on Friday, August 1, 2003, and calls for Wellington's attendance at a deposition at 9:30 a.m. on Tuesday, August 5, 2003. Clarke Aff. ¶ 11.[2]

---

[2] Counsel for Wellington conferred on Monday, August 4, 2003 with counsel for the Defendants, seeking to defer the deposition for a sufficient time to permit Wellington to assess the issues presented by the Subpoena and to prepare to deal with it properly. Counsel for the Defendants was not prepared to grant more than a 3½ hour deferral.

### Basis for Quashing the Subpoena

6. Fed. R. Civ. P. 45(c)(3) establishes standards for quashing or modifying a subpoena. Under rule 45(c)(3)(A)(i) a subpoena must be quashed or modified if it "fails to allow reasonable time for compliance."

7. The Subpoena was served just prior to the close of business on Friday, August 1, 2003, and, even as modified, requires attendance at a deposition in the middle of the business day on Tuesday, August 5, 2003. Wellington has therefore been afforded only a little more than one business day to consider the issues presented by the Subpoena, identify appropriate Rule 30(b)(6) witnesses and prepare those witnesses to testify. One day is clearly not a reasonable time for completing those tasks.

8. The difficulty of Wellington's position has been heightened by the fact that the industry analyst responsible for covering WorldCom during almost the entire period addressed by the Subpoena left Wellington over a year ago. Clarke Aff. ¶ 8. This complicates the task of identifying current Wellington representatives "with the most knowledge" concerning the matters described in the Subpoena. Furthermore, of course, even after a witness or witnesses are identified, they must be properly prepared, through review of relevant information and so forth, in order to be in a position to testify responsively. The process simply cannot be adequately carried out, especially at the height of summer vacation season, without reasonable notice and a reasonable opportunity to prepare. Neither has been provided here.

### Conclusion

9. On the basis of the foregoing, Wellington submits that the Subpoena should be quashed, or, in the alternative, modified to defer Wellington's deposition until no earlier than Monday, August 11, 2003, or such other time as the court deems fair in the circumstances.

{B0202632; 1}

## REQUEST FOR ORAL ARGUMENT

Wellington requests that the court hold a hearing on this motion.

        WELLINGTON MANAGEMENT
        COMPANY, LLP

        By its attorneys,

August 5, 2003

        Ira K. Gross (BBO No. 212720)
        William T. Matlack (BBO No. 552109)
        SULLIVAN & WORCESTER LLP
        One Post Office Square
        Boston, MA 02109
        (617) 338-2800

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

Counsel for non-party witness Wellington Management Company, LLP hereby certifies that he has conferred with counsel for the parties on whose behalf the Subpoena was issued and has attempted without success to resolve the issue presented by this motion.

Ira K. Gross

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by facsimile on August 5, 2003.

{B0202632; 1}